**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHAWN HARRIS, on behalf of himself and a class, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| MERCHANTS ASSOCIATION COLLECTION DIVISION INC., | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT -- CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Shawn Harris brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Merchants Association Collection Division Inc. ("MACD"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*,

259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications and activities impacted plaintiff within this District;

   b. Defendant sought to collect from plaintiff, located in this District;

   c. Defendant does or transacts business within this District.

## PARTIES

9. Plaintiff, Shawn Harris, is an individual who resides in this District.

10. Defendant MACD is a Florida corporation with its principal office at 134 S. Tampa St., Tampa, FL 33602 and another office in Michigan.  It does business in Illinois.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

11. At all times herein relevant, MACD was engaged in the primary business of collection of purportedly delinquent accounts for third parties.

12. MACD uses the mails and telephone system in conducting its business.

13. At all times herein relevant, MACD was and is a "debt collector" as that term defined by 15 U.S.C. §1692a(6) of the FDCPA.

14. At all times herein relevant, MACD was a licensed debt collection agency with the Illinois Department of Financial and Professional Regulation.

15. MACD routinely attempts to collect debts and/or delinquent accounts in the Southern District of Illinois.

16. Among the debts MACD tries to collect are residential utility bills.

17. MACD states on its  Web site  states (http://www.account.macd-inc.com/) that

"Merchants Association Collection Division Inc. is recognized as a premier debt collection agency . . . ."

## FACTS

18. On or about September 24, 2015, MACD sent plaintiff a collection letter, attached as Exhibit A. Plaintiff received it in the course of the mails.

19. Exhibit A is a form letter, regularly used by MACD.

20. The letter attempted to collect amounts allegedly due to Ameren for residential utility service.

21. Any such debt would have been primarily for personal, family or household purposes.

22. The letter invited the recipient to access a website maintained by defendant MACD, www.paymacd.com, to "View your account detail and pay online . . . ."

23. Payment websites are popular with debt collectors because consumers have trepidations about interacting with live debt collectors.

24. The quoted statement is regularly used by MACD in collection letters.

25. On or about October 15, 2015 plaintiff accessed the web site and received the information in Exhibit B, including a statement that "The online convenience fees of $3.00 will be added to debit, credit card and check transactions where allowed by law. . . ." Otherwise, the consumer must pay by mail.

26. The Illinois Collection Agency Act, 225 ILCS 425/9(a)(29), makes unlawful "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement...." On information and belief, there is no agreement authorizing such a charge.

27. The fee is not authorized by Illinois law.

28. The $3 fee therefore may never be charged under Illinois law.

29. MACD represented that it may impose charges which are forbidden by Illinois

3

law.

30. On December 28, 2015 MACD sent plaintiff a different form letter referring to the web site (Exhibit C).

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

32. The class consists of (a) all individuals with Illinois addresses, (b) who either (i) were sent a letter by defendant MACD inviting the recipient to access the www.paymacd.com website or (ii) accessed the website (c) at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

33. On information and belief, based on the use of form letters by a substantial collection agency collecting debts for a large utility, the class is so numerous that joinder of all members is not practicable.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant's fee is prohibited by Illinois law;

    b. Whether representing that such fees may be charged violates the FDCPA.

35. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

37. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FDCPA

38. Plaintiff incorporates paragraphs 1-37.

39. Defendant MACD violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) by (a) referring consumers to its website and stating on the website that there is a fee for paying by credit card, (b) when no such fee may be charged in Illinois, (c) representing expressly or by implication that such fees could lawfully be charged, and (d) charging the fee.

40. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …**

**(2) The false representation of–**

    **(A) the character, amount, or legal status of any debt; or**

    **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt....**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

41. Section 1692f provides:

**§ 1692f. Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....**

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    i.    Statutory damages;

    ii.    Actual damages in favor of all class members charged the fees;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

Scott Hendricks
ALLEMAN LAW FIRM P.C.
310 East Main Street
Carbondale, Illinois 62901
(618) 319-4408

T:\33212\Pleading\Complaint_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendants take affirmative steps to preserve all recordings, computer records, data, documents, and all other tangible things that relate to plaintiff, the use of defendants' payment website, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

       s/Daniel A. Edelman
       Daniel A. Edelman